IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03268-CMA-KMT

JUANITA RAMOS,

    Plaintiff,

v.

WHOLE HEMP COMPANY LLC, *d/b/a* as Folium Biosciences,
FOLIUM EQUITY HOLDING LLC,
KASHIF SHAN, and
QUAN NGUYEN.

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation (Doc. # 57) by Magistrate Judge Kathleen M. Tafoya, in which she recommends that Defendant Whole Hemp Company LLC d/b/a Folium Biosciences' ("Folium") Motion to Dismiss (Doc. # 33) should be granted in part and denied in part. Plaintiff Juanita Ramos filed an Objection to the Recommendation on September 10, 2020. (Doc. # 58.) For the following reasons, the Court affirms the Recommendation.

## I.    BACKGROUND

Judge Tafoya's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only what is necessary to address Plaintiff's objections.

Folium is a Colorado limited liability company that produces, manufactures, and distributes bulk cannabinoid extracts ("CBD") derived from hemp. (Doc. # 31 at 1.) Plaintiff was employed with Folium from April 2017 until August 2018 as its Executive Vice President of U.S. and Foreign Government Affairs. (*Id.* at 9, 11.) She was also a member of the entity with a 1% stake in the company. Defendant Shan is Folium's Chief Executive Officer, and Defendant Nguyen is the Vice President of Operations. (*Id.* at 6.)

Plaintiff asserts that her employment was terminated based on a false allegation that she had been stealing from the company. She claims that the true reason for her termination was her refusal to participate in illegal acts that were being perpetrated by Defendant Shan. Plaintiff initiated this case, partially on behalf of Folium, because she "learned [that] while she was employed by Folium that Shan and Nguyen [had] been engaged in extensive criminal conspiracies to enrich themselves, at the expense of members (such as herself) and in violation of law." (*Id.* at 12.) For example, Plaintiff alleges that Defendants Shan and Nguyen have used Folium to engage in illegal drug trafficking, launder money, and defraud members, investors, employees, and the Internal Revenue Service. *See generally* (*id.* at 2–32).

Based on these allegations, Plaintiff raises eight claims for relief, including claims arising under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-101. On February 21, 2020, Folium filed a Motion to Dismiss Plaintiff's

derivative claims—i.e., claims 1 through 3—for failure to state a claim. Judge Tafoya agreed and recommended that those claims be dismissed with prejudice. The instant Objection followed.

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### B. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R.

3

Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained

4

in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (citation omitted).

### III.   DISCUSSION

The Court's analysis will proceed in two steps. First, the Court will review the portions of the Recommendation to which neither party objects in order to determine whether there are any clear errors in Judge Tafoya's findings and conclusions. Second, the Court will conduct a *de novo* review of the portions of the Recommendation to which Plaintiff objects.

### A.   CLEAR ERROR REVIEW

Neither party objected to Judge Tafoya's determination that Folium lacks standing to challenge Plaintiff's direct RICO and COCCA claims because Plaintiff raises those claims in her individual capacity and asserts them exclusively against Defendants Shan and Nguyen. (Doc. # 57 at 17–18.)

The Court has reviewed the relevant pleadings concerning Plaintiff's claims against Defendants in their official capacities as well as the Recommendation. Based on this review, the Court concludes that Judge Tafoya's thorough and comprehensive analyses and recommendations are correct, and "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court adopts

the applicable portion of the Recommendation and denies the corresponding part of Folium's Motion to Dismiss.

**B.   *DE NOVO* REVIEW**

Plaintiff objects to Judge Tafoya's Recommendation to the extent it concludes that her derivative claims are subject to dismissal because she "did not comply with the requisite statutory waiting period applicable to member derivative claims." (Doc. # 57 at 10.) Additionally, Plaintiff raises an objection to Judge Tafoya's determination that her request to amend her Complaint should be denied because Plaintiff made the request for the first time in her Response to Folium's Motion to Dismiss. (*Id.* at 19.) Both objections lack merit.

1.   <u>Plaintiff Did Not Make an Appropriate Demand for Her Derivative Claims</u>

Pursuant to Colorado law,[1] a member of an LLC cannot initiate a derivative action unless:

> (a) A written demand has been made upon the limited liability company to take suitable action; and
>
> (b) Thirty days have expired from the date the demand was made; except that the thirty-day limitation shall not be required where:
>
>> (I) The member has been notified prior to the expiration of the thirty-day period that **the demand has been rejected** by the limited liability company; or

---

[1] Federal Rule of Civil Procedure 23.1 requires a complaint to "state with particularity" "any effort" to "obtain the desired action from the [corporation's] directors" and "the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). "Whether the complaint's particular allegations suffice depends upon the substantive law of the state in which the entity is incorporated . . . ." *City of Cambridge Ret. Sys. v. Ersek*, 921 F.3d 912, 918 (10th Cir. 2019) (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108–09 (1991)).

> (II) **Irreparable injury to the limited liability company** would result from waiting for the expiration of the thirty-day period.

Colo. Rev. Stat. § 7-80-714(1) (emphasis added).[2]

It is undisputed that Plaintiff did not wait 30 days to initiate this case after she submitted a demand letter to Folium, as required by § 7-80-714. In fact, Plaintiff concedes that she sent the demand letter and filed her Complaint on the same day. (Doc. # 57 at 4.) However, she argues that she was excused from the statutory requirement because compliance would have caused irreparable injury to Folium.[3] The Court disagrees.

Judge Tafoya accurately observed that "[t]he Colorado Supreme Court has not construed 'irreparable injury,' as the term applies in § 7-80-714," and that in such circumstances, "the federal court confronted with that issue must predict how the state's highest court would rule." (Doc. # 57 at 13) (quoting *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 630 (10th Cir. 2008)). In order to ascertain the meaning of the term

---

[2] The Court rejects Plaintiff's argument that futility is another exception to the demand requirement even though it is not referenced in § 7-80-714. As Judge Tafoya accurately noted, reading such an exception into the statute would be contrary to its plain language. (Doc. # 57 at 16) (citing *Long v. Cordain*, No. 11CV701, 2016 Colo. Dist. LEXIS 18, at *15–16 (Colo. Dist. May 11, 2016) (noting § 7-80-714 "does not set forth [a futility] exception to its clear, specific and unambiguous requirements.")); *see also* David C. Cripe, Derivative actions, 1 Colo. Prac., Methods Of Practice § 5:44 (8th ed. June 2020 update) ("the fact that the demand would be futile is not sufficient grounds to avoid the demand.").

[3] The Court notes that Plaintiff alternatively argues that her compliance was excused because she was aware that Folium rejected a **different demand** that was submitted by a **different employee**. (Doc. # 58 at 13–14.) Unsurprisingly, Plaintiff's argument is not supported by any authority beyond Plaintiff's idiosyncratic interpretation of § 7-80-714. Rather, as Judge Tafoya noted, the statute "unequivocally applies only when "*[t]he member* has been notified prior to the expiration of the thirty-day period that *the demand* has been rejected by the limited liability company[.]" (Doc. # 57 at 15) (quoting § 7-80-714(1)(b)(I)). Thus, according to the plain language of the statute, the exception applies only when a member has been notified that **that member's** demand has been rejected.

"irreparable injury," Judge Tafoya looked to the usage of that term in the injunctive relief context. Thus, she determined that "irreparable harm" means "**certain and imminent** harm for which a monetary award does not adequately compensate." (Doc. # 57 at 13) (emphasis added) (quoting *Gitlitz v. Bellock*, 171 P.3d 1274, 1278–79 (Colo. App. 2007) ("Irreparable harm is a pliant term adaptable to the unique circumstances that an individual case might present.")). The Court agrees with Judge Tafoya's interpretation.

"The primary goal of interpretation is to 'give effect to the intent of the enacting body.'" *United States v. Richter*, 796 F.3d 1173, 1185 (10th Cir. 2015) (quoting *Benuishis v. Indus. Claim Appeals Office*, 195 P.3d 1142, 1145 (Colo. App. 2008)). To ascertain this intent, Colorado courts "look to the plain meaning of the statutory language and consider it within the context of the statute as a whole." *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011). "This exercise ordinarily entails reading words and phrases 'according to the rules of grammar and common usage.'" *Jordan v. Maxim Healthcare Servs., Inc.*, 950 F.3d 724, 732 (10th Cir. 2020) (quoting Colo. Rev. Stat. § 2-4-101). Words or phrases that "have acquired a technical or particular meaning, **whether by legislative definition or otherwise**, shall be construed accordingly." § 2-4-101 (emphasis added).

It is indisputable that "irreparable injury" has acquired a particular meaning in the legal context. Its meaning is consistent with Judge Tafoya's interpretation of the term—i.e., "**certain and imminent** harm for which a monetary award does not adequately compensate." *Gitlitz*, 171 P.3d at 1278–79. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. Univ. of Colo.*, 427 F.3d

1253, 1267 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)).

In the instant case, the alleged harm to Folium that would result from Plaintiff waiting for the expiration of the 30-day demand period is inherently theoretical as opposed to certain. For instance, Plaintiff claims that complying with the statutory requirements would mean that "Shan and Nguyen [would be] **likely** to cause Folium to commit numerous crimes" and they "are **likely** to take steps to cover up their criminality . . . ." (Doc. # 31 at 8) (emphasis added). As Judge Tafoya accurately noted, all of Plaintiff's allegations of irreparable harm are speculative and "couched in terms of mere possibility . . . ." (Doc. # 57 at 14.) In addition, Plaintiff has not shown that the alleged harm could not be adequately compensated by monetary damages. Therefore, Plaintiff has failed to establish that waiting the statutory 30-day demand period would have caused irreparable injury to Folium, and her derivative claims must be dismissed as a result.

      2.    <u>Denial of Leave to Amend is Warranted</u>

In Plaintiff's Response to Folium's Motion to Dismiss, Plaintiff argued that she should be given leave to amend her Complaint in the event Folium's Motion was granted. (Doc. # 36 at 8.) In the Recommendation, Judge Tafoya properly rejected that argument because the deadline to modify the Scheduling Order had already expired, and "Plaintiff's request was not made in a separate document, as required by the Local Rules." (Doc. # 57 at 19) (citing D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed in a

separate document.")). In her Objection, Plaintiff did not address the reasoning Judge Tafoya provided for her conclusion. *See* (Doc. # 58 at 14–15). As a result, Plaintiff's improper request to amend her Complaint is denied.

## IV.    CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Judge Tafoya's Recommendation (Doc. # 57) is AFFIRMED AND ADOPTED as an order of this Court; and

- Defendant Whole Hemp Company LLC d/b/a Folium Biosciences' Motion to Dismiss (Doc. # 33) is GRANTED IN PART AND DENIED IN PART. The Motion is **granted** as to Plaintiff's derivative claims (i.e., Claims 1–3), and those claims are dismissed with prejudice for the reasons stated in the Recommendation. Plaintiff's other claims remain pending.

DATED: September 17, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge